IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA DAVID CHARTER,          )
                              )
                Petitioner,    )
                              )
        v.                     )          Case No. 23-3005-JWL
                              )
UNITED STATES OF AMERICA,      )
                              )
                Respondent.    )
                              )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner, a federal prisoner, claims that he has not received certain credit toward his sentence for "time served".  For the reasons set forth below, the Court **denies** the petition.

The Court first addresses petitioner's failure to exhaust his administrative remedies. The exhaustion of administrative remedies is a prerequisite for relief under Section 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).  Regulations for the Bureau of Prisons (BOP) set forth the administrative steps a prisoner must follow: an attempt at informal resolution of a complaint; a formal request to the institution for an administrative remedy; a regional appeal; and a national appeal.  *See id.* (citing 28 C.F.R. §§ 542.13-.15). Respondent argues (and provides evidence) that petitioner did not follow this administrative procedure as required.  Petitioner concedes in his petition and confirms in his reply brief that his attempts at exhaustion did not proceed beyond an informal attempt

at resolution with someone in the records department at his prison.  Thus, petitioner has not exhausted his administrative remedies with respect to this claim.

Petitioner argues that a futility exception to the exhaustion requirement applies here because of the time it would take to complete the process.  It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."  *See id.*  This Court has held, however, that the futility exception is not satisfied merely because exhaustion could not be completed by the release date that would apply if petitioner received the credits he claimed.  *See Randolph v. Hudson*, 2022 WL 1909051, at *1-3 (D. Kan. June 3, 2022) (Lungstrum, J.).

Moreover, petitioner has not shown that he could not have completed the exhaustion process by the time of his alleged release date of May 26, 2023.  Petitioner argues that it can take up to 140 days to complete the process even without extensions, although the figures he cites add up to only 90 total days for *responses* to claims (and he controls the timing of the claims).  When petitioner filed the instant petition on January 6, 2023, however, his claimed release date was still 140 days away at that point.  Accordingly, the Court concludes that because petitioner has not shown that exhaustion was futile, he is required to have exhausted administrative remedies, and the petition is subject to dismissal for that reason.

Nevertheless, because petitioner has failed to show an entitlement to relief, the Court denies the petition on the merits.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (in Section 2241 proceeding, following policy of 28 U.S.C. § 2254(b)(2), which allows for the denial on the merits of an unexhausted habeas claim).  Petitioner claims in

his petition that he has not been given credit toward his release date for "time served" in the amount of 4 months and 25 days, although petitioner has not identified when he served that time for which he allegedly has not been given credit (and he has not addressed the merits of his claim in his reply brief). A review of the relevant records reveals the following chronology of events:  on August 31, 2016, petitioner was sentenced in the Southern District of Iowa to a term of 100 months for a felon-in-possession offense; while serving that sentence, he escaped custody on May 21, 2022; he was detained again and kept in custody beginning May 27, 2022; and on October 21, 2022, he was sentenced in the District of Nebraska to a term of 12 months after his conviction for escape. It thus appears that petitioner seeks credit for his time in custody from May 27, 2022, to October 21, 2022. In making this claim, petitioner relies on the Nebraska court's "recommendation" to the BOP in the judgment that petitioner "be given credit for time served."

As shown by respondent's answer, however, petitioner is not entitled to any additional credit against his sentence for that period in custody. Because the Nebraska court did not order that the 12-month sentence be served concurrently with petitioner's original 100-month sentence, the sentences run consecutively, and they are treated for administrative purposes as a single 112-month sentence. *See* 18 U.S.C. § 3584(a), (c). A prisoner is given credit for time in detention prior to sentencing that resulted for the offense for which the sentence was imposed (or a later offense). *See id.* § 3585(b). When petitioner was captured after his escape, however, he was returned to custody for his original offense, and he thus received credit for that period applied to his original 100-month sentence—and therefore he has already received credit for that period applied to his aggregate 112-month

sentence.  Applying the credit again would result in double-counting.  The sentencing court's "recommendation" does not require an additional credit because petitioner had not previously served *any* time against the 12-month sentence, as he had been serving time against his original 100-month sentence (which had not yet been completed at the time of the second sentencing).  Accordingly, petitioner is not entitled to any additional credit against his sentence, and therefore he is not entitled to relief.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of March, 2023, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge